IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

M.T.G.,

Petitioner,

v.

JULIO HERNANDEZ, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; DAVID VENTURELLA, Acting Director U.S. Immigration Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting United States Attorney General,

Respondents.

Case No.: 3:26-cv-01624-AN

Agency No. AXXX-XXX-610

ORDER

**Adrienne Nelson, District Judge:**

Petitioner M.T.G., a citizen of The Gambia, was detained by respondents on August 4, 2026. Before the Court is a Petition for Writ of Habeas Corpus ("Petition"), *see* ECF 1, challenging petitioner's allegedly unlawful detention by respondents in Oregon.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of this petition and supporting documents upon respondents and the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

2. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(2), (g), it does generally have jurisdiction over habeas petitions, *see* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States."). Moreover, "a federal court always has jurisdiction to

determine its own jurisdiction," including its own subject matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the reasonable opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the preservation of the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 293-94. This principle applies with even greater force when the action a court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

3. To protect the status quo pending resolution of this case, unless otherwise ordered by the Court, petitioner shall not be moved outside the District of Oregon without first providing advance Notice of Intended Removal. Such Notice must be filed in writing and docketed in this proceeding and must state the reason that respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that Notice has been filed on the docket, petitioner shall not be moved out of the District for a period of at least forty-eight (48) hours from the time of docketing. If the forty-eight-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further order of the Court.

4. If respondents have already moved petitioner outside of the District of Oregon, respondents are ordered to file a Notice of Prior Removal that states the exact date and time that petitioner left the Distrit of Oregon and the reason why respondents believed that such a move was immediately necessary. Such Notice of Prior Removal will be due either:

a. Within two hours of being served with this Order if the Order is filed from 8:00 AM PST to 6:00 PM PST, or

b. By 9:00 AM PST the following day if this Order is filed between 6:00 PM PST and 9:00 AM PST.

5. The Court will set a case scheduling conference as appropriate upon making an initial determination regarding jurisdiction over this habeas petition.

IT IS SO ORDERED.

DATED this 4th day of August, 2026.

Adrienne Nelson
United States District Judge